**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 26 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RONNIE ROSS, LINDA ROSS,
husband and wife; RICHARD ROWE,
ANGELA ROWE, husband and wife;
LISA EZELL, a single woman;
BARRY TALLEY, CHERYL
TALLEY, husband and wife,

      Plaintiffs - Appellants,

  and

LUTHER BAGWELL, LORRA
BAGWELL, husband and wife; GARY
SELPH, PENNY SELPH, husband and
wife; GEORGE GHEGAN, BECKY
GHEGAN, husband and wife;
CHRISTOPHER ALBRECHT,
KAREN ALBRECHT, husband and
wife; GARY BALL, LISA BALL,
husband and wife; WILBUR BALL,
LAURA BALL, husband and wife;
GARRET CLARK, a married man;
MONTE MCKINNEY, a single man;
JEWELL FOSHEE, KRYSTI
FOSHEE, husband and wife; HAMA
BARRETT, RITA BARRETT,
husband and wife; DENVER FORAN,
BEVERLY FORAN, husband and
wife; ANDREW SELPH,
MARGARET SELPH, husband and
wife,

      Plaintiffs,

  v.

No. 04-6146
(D.C. No. 03-CV-188-L)
(W.D. Okla.)

UNITED STATES OF AMERICA,

    Defendant - Appellee.

---

**ORDER AND JUDGMENT** [*]

---

Before **SEYMOUR** , **McCONNELL** , and **TYMKOVICH** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

## I. Discussion

The United States Air Force operated Tinker Air Force Base in Oklahoma City for decades. Tinker AFB became one of the military's largest, and was a central location for aircraft maintenance and repair. Unfortunately, these operations generated substantial volumes of hazardous waste, including toxic solvents such as trichloroethylene (TCE). The Air Force's practice beginning in the 1940s until the 1980s—as was the practice of most industrial concerns—was

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

to bury the waste in unlined pits or other storage areas on the property. No special precautions were taken to prevent the waste from migrating to local neighborhoods. [1]

Plaintiff-appellants are individual residents and landowners in Tinker View Acres located near the Base. Plaintiffs' complaint was filed in federal court under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1) (FTCA), and is based on Oklahoma negligence and property law. It alleges that the government created a public and private nuisance when it generated hazardous waste at the Base and then allowed the waste to permeate the ground water and migrate to their property. The primary waste complained of is TCE. "TCE is a toxic organic solvent, known to be used by the military as a degreasing agent." *Aragon v. United States*, 146 F.3d 819, 822 (10th Cir. 1998). Plaintiffs contend that the government failed to properly dispose of the waste, failed to stop the pollution, and issued untimely and inadequate warnings. They further argue that the pollution damaged their property values and may have caused unspecified personal injuries.

In response to plaintiffs' complaint, the government filed a motion to

---

[1] Congress responded to hazardous waste concerns in the 1970s and 1980s by enacting more stringent environmental laws such as CERCLA (Comprehensive Environmental Response Compensation and Liability Act), 42 U.S.C. § 9601 *et seq.*, and RCRA (Resource Conservation and Recovery Act), 42 U.S.C. § 6901 *et seq.*, that now cover most federal facilities.

dismiss for lack of subject matter jurisdiction, citing the discretionary function exception to the FTCA and the various federal statutes and regulations under which officials at the Base operated.   The district court granted the motion, and the plaintiffs appeal.  Because we agree with the district court that the activities complained of are shielded by the discretionary function exception to the FTCA, we affirm.

A.

The Federal Tort Claim Act generally removes the protection of sovereign immunity for the government in cases where government employees have caused damage by their negligence during the course of their employment.  Excluded from this waiver of immunity, however, are so-called discretionary acts.  Thus, "the waiver of immunity does not apply to 'any claim . . . based upon the exercise or performance or the failure to exercise or perform a *discretionary function or duty* on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" *Kiehn v. United States*, 984 F.2d 1100, 1102 (10th Cir. 1993) (*quoting* 28 U.S.C. § 2680(a)).  To determine whether discretionary conduct applies, we employ a two-step analysis, *Berkovitz v. United States*, 486 U.S. 531, 536-37 (1988), and review de novo the district court's application of the exception.  *Aragon*, 146 F.3d at 823.

4

B.

The first step under *Berkovitz* involves a threshold determination that the government's challenged conduct was done pursuant to "a federal statute, regulation, or policy [that] specifically prescribes a course of action for an employee to follow." *Berkovitz*, 486 U.S. at 536. Plaintiffs conceded that no such statute is involved in this case, and therefore the government's actions are considered discretionary.

C.

We thus move to the second step of the *Berkovitz* analysis. This requires us to decide "whether the exercise of judgment or choice at issue 'is of the kind that the discretionary function exception was designed to shield.'" *Aragon*, 146 F.3d at 823 (quoting *Berkovitz,* 486 U.S. at 536). The exception shields only government decisions based on public policy, *id.*, and the very existence of a government regulation giving government employees discretion "creates a strong presumption that a discretionary act authorized by the regulation involves consideration of the same policies which led to the promulgation of the regulations." *United States v. Gaubert*, 499 U.S. 315, 324 (1991). Our inquiry here must focus on the nature of the government's actions "and on whether they are susceptible to policy analysis." *Id.* at 325.

As the district court recognized, our decision in this case is controlled by

*Aragon v. United States*, 146 F.3d 819 (10ᵗʰ Cir. 1998). In *Aragon*, the plaintiffs made nearly identical claims to the ones brought here. Landowners who lived nearby Walker Air Force Base in Roswell, New Mexico, claimed that Air Force operations generated TCE contamination which polluted their residential water wells. In affirming dismissal of the landowners' pollution claims, we concluded the FTCA discretionary function exception applied. Our analysis focused not on the policies surrounding groundwater protection, but on the "broader policies affecting airbase operations." 146 F.3d at 826. We admitted to "little doubt" that the decisions surrounding the operation of an airbase "involve[] policy choices of the most basic kind." *Id.* The broader public and military policies at issue allowed the Air Force "to place security and military concerns above any other concerns," including—unfortunately—concerns about hazardous waste disposal. *Id.* We thus affirmed the district court's dismissal for lack of subject matter jurisdiction.

Recognizing their jurisdictional problem created by *Aragon's* interpretation of the discretionary function exception, the plaintiffs redirect our attention elsewhere: the government's efforts to warn the neighborhood about TCE pollution. They do not specifically allege an absence of warning; rather, they argue that the warnings they did receive were "untimely and inadequate." Again, we agree with the district court that the policy choices surrounding the warnings

6

given (or the delayed issuance thereof) are likewise shielded by the discretionary function exception.

We turn to our decision in *Daigle v. Shell Oil Co.*, 972 F.2d 1527 (10th Cir. 1992), to resolve this claim. In *Daigle*, the plaintiffs, also neighbors to a military base, sued over the cleanup of chemical munitions and other toxic waste stored at the Rocky Mountain Arsenal near Denver, Colorado. One of their claims involved the alleged failure of the Army to warn them of impending toxic air emissions during cleanup activities. *Id.* at 1538. In response to this argument, we held that "'[a] decision [about a failure to warn] that is a component of an overall policy decision protected by the discretionary function exception also is protected by this exception.'" *Daigle* at 1542 (quoting *Zumwalt v. United States*, 928 F.2d 951, 955 (10th Cir. 1991)).

Plaintiffs' inadequate warning claim thus fails here for the same reasons the duty to warn claim failed in *Daigle*: the procedures involved in deciding when and how much to tell plaintiffs about the TCE contamination at the Base implicate similar policy concerns to those involved in the overall cleanup. These governmental decisions are grounded in policy discretion and, as such, are shielded by the discretionary function exception to the FTCA.

Plaintiff-appellants attempt to distinguish *Daigle* by arguing that the failure to warn was a "'nondecision' that was never considered or attended to at all,"

Aplt. Br. at 19, and thus should not be protected by the exception. This court, however, previously has rejected a similar formulation of a failure to warn claim. In *Kiehn v. United States*, 984 F.2d 1100 (10th Cir. 1993), we concluded:

> [I]t is unnecessary for government employees to make an actual conscious decision regarding policy factors. In fact, we have found it irrelevant whether the alleged failure to warn was a matter of deliberate choice or a mere oversight. The failure to consider some or all critical aspects of a discretionary judgment does not make that judgment less discretionary and does not make the judgment subject to liability.

984 F.2d at 1105 (applying discretionary function exception)(quotations and citations omitted).

Here, the record shows that the Air Force in fact decided to conduct a study before commencing cleanup operations to determine the pervasiveness of the TCE problem and to consider remediation options. Government officials made no decision one way or the other about whether to notify the neighboring residents of the contamination problem. After deciding on a cleanup plan, the Tinker View neighbors were notified of the proposed operation, and, for the first time, learned of the extent of the TCE contamination. This is the same type of conduct that implicates policy considerations under *Daigle* and *Kiehn*. Thus, even if "a matter of deliberate choice or a mere oversight," *Kiehn*, 984 F.2d at 1105, the failure to warn claims here are barred by the discretionary function exception.

8

## II. Conclusion

In conclusion, plaintiffs' complaint is barred by the FTCA's discretionary function exception. Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge